JAMES V. DAVIDSON, *et al.*, *Appellants*, v. JOHN R. JEF-FORDS, AS MAYOR, *et al.*, *Appellees.*

Opinion Filed March 23, 1915.

Where a donation is made to a Town Council of one-third the cost of a road extension, provided the town will have the road paved, and there is nothing to indicate that the donor intended a division of his gift among the abutting property owners who under the law pay two-thirds and the town one-third of the cost of the paving, the donation is held to be to the town as an entity.

Appeal from Circuit Court for Pinellas County; F. M. Robles, Judge.

Order affirmed.

*Howard P. McFarlane,* for Appellants;

*Leroy Brandon* and *Dickenson & Dickenson,* for Appellees.

WHITFIELD, J.—The appellants as resident taxpayers of the Town of Clearwater, brought suit to enjoin the enforcement of a special assessment for street paving. A demurrer to the bill of complaint was sustained and the complainants appealed.

It appears that in order to secure the continuance of the paving of a street in the Town, Morton F. Plant offered to the Town Council to make a donation of one-third of the cost of the extension to the city limits; that the offer was accepted by the council; that the work was done at a stated cost; that Mr. Plant deposited a sum

equal to one-third of the cost; that under the laws and ordinances the Town pays one-third and the abutting property owners pay-two-thirds of the cost of the paving; that the Town refuses to allow any part of the donation made by Mr. Plant to be credited to the amounts assessed against the abutting property owners but requires them to pay full two-thirds of the cost while the Town retains the donation for its share of the work.

As the proposition was made to and accepted by the Town Council of "a donation of one-third the cost of this road extension, provided town * * * would have road paved," it cannot be said that the donation was not to the Town as an entity for its one-third of the cost of the paving. There is nothing to indicate that the donor intended a division of his gift among abutting property holders.

The inducement was offered to the Town not to any portion of its property holders. It was within the power of the Town to require the paving to be done and to impose two-thirds of the cost thereof on abutting property holders. The Town's third may be paid from its treasury or from any other source at the Town's command.

In order for the entire Town to be directly benefitted by the donation it should be applied to the portion of the cost that is to be met by the Town as an entirety and not to the portion that is to be met by particular abutting property owners.

Error in the order does not appear and it is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.

## ON REHEARING.

PER CURIAM.—The provision of the charter act that owners of adjacent property may be required to pay such proportion *of the expense* of paving as may be provided by ordinance and the provision of the ordinance that the abutting owners shall pay a reasonable proportion, not to exceed one-third of the cost of paving, have reference to the cost of the work as done and not to the amount due after the town's proportion of the expense has been paid by a donation from an individual to the town council of "one-third of the cost  *  *  *  provided the town  *  * would have the road paved."

A rehearing is denied.

All concur.